PER CURIAM.
The defendant appeals an order denying his motion to withdraw his plea of nolo contendere. He raises three issues. We reverse on the single issue of whether the victim was eleven or twelve at the time of the crime, which affects the degree of felony to which the defendant pled. We remand the case to the trial court to attach records to establish a factual basis for the plea or to conduct an evidentiary hearing concerning the victim’s age.
The State charged the defendant with sexual battery, lewd and lascivious molestation on a child under 12 by a perpetrator over 18, and child abuse (impregnating a minor) for events that occurred between May and July 2002. The defendant pled nolo contendere to the lewd and lascivious molestation and child abuse counts. The court sentenced him to thirty five years.
The defendant filed a motion for post conviction relief, pursuant to Florida Rule of Criminal Procedure 3.850, and raised three grounds. As his first ground, he alleged the State failed to prove a prima facie case of lewd and lascivious conduct on a child under the age of 12. He argues the probable cause affidavit of December 5, 2002, which indicated the incident took place in October or November 2002, and the victim was four to six weeks pregnant, proves the victim was 12 years old at the time of the crime because her birth was in August 1990. He asserts these facts establish the crime was not committed on someone under the age of 12, which reduces the crime from a first degree to a second degree felony. See § 800.04(5)(b), (c)2., Fla. Stat. (2002).
We cannot discern from this record whether the victim was 11 or 12 years old at the time of the incident. This fact, however, is critical to determining whether there was a factual basis for the defendant’s plea to the first degree felony charge. While the Information charged him with a crime that occurred between May 1, 2002 and July 31, 2002, the probable cause affidavit alleged the crime occurred between November and December 2002.
We therefore reverse the order denying the defendant’s motion to withdraw his plea and remand the case to the trial court for record attachments establishing the victim’s age or alternatively to hold an evidentiary hearing on this issue. We find no merit in the other points raised.

Reversed and Remanded.

GUNTHER, FARMER and MAY, JJ„ concur.